[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 19-13296

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBIE LANE KENDLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:04-cr-20486-KMM-1

_____

Before WILSON, JORDAN, and BLACK, Circuit Judges.

PER CURIAM:

Bobbie Lane Kendle, a counseled federal prisoner, appeals the district court's orders denying his motion to reduce his sentence under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (Dec. 21, 2018) (First Step Act), and declining to grant reconsideration. Kendle filed his principal brief, and he and the Government now jointly move for summary reversal based on the framework outlined in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021), and to substitute the same motion for Kendle's initial brief. They argue *Jones* makes clear that Kendle was convicted of a "covered offense" within the meaning of the First Step Act and he is eligible for relief because he has not already received the lowest statutory penalty that would be available to him under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Fair Sentencing Act). Finally, they assert *Jones* makes clear the district court erred in finding Kendle ineligible for a reduction based on the fact he was sentenced as a career offender under the guidelines and because his guideline range did not change. Noting the district court issued its denials before this court decided *Jones*, they move this Court to summarily reverse the district court's order and remand for reconsideration in light of *Jones*.

We agree with the parties that *Jones* applies to this case as Kendle was convicted of a covered offense within the meaning of

the First Step Act. *Jones*, 962 F.3d at 1298 (holding a movant has a "covered offense" if his offense triggered a statutory penalty that has since been modified by the Fair Sentencing Act). Because § 2 of the Fair Sentencing Act "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)," a movant has a covered offense if he was sentenced for an offense that triggered one of those statutory penalties. *Jones*, 962 F.3d at 1298. In 2005, Kendle was convicted by a jury of possession with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The PSI set out Kendle's statutory minimum and maximum as ten years to life pursuant to 21 U.S.C. §§ 841(b)(1)(B)(iii) (effective Nov. 2, 2002 to Mar. 8, 2006) (detailing penalties for 5 grams or more of crack cocaine) and 851. The statutory penalties under § 841(b)(1)(B)(iii) were modified by § 2 of the Fair Sentencing Act. Fair Sentencing Act § 2(a)(1); *see also* 21 U.S.C. § 841(b)(1)(B)(iii) (effective Dec. 21, 2018). Because Kendle's offense was a federal offense, the statutory penalties were modified by § 2 of the Fair Sentencing Act, and he committed his offense before the Fair Sentencing Act became effective on August 3, 2010, his offense is a covered one. *Jones*, 962 F.3d at 1298; *see* First Step Act § 404(a).

Further, the "as if" requirement in *Jones* did not limit the district court's authority to reduce Kendle's sentence. For the "as if" determination, the court is bound by a previous finding of drug quantity that could have been used to determine the movant's

statutory penalty at the time of sentencing. *Jones*, 962 F.3d at 1303. Here, the drug quantity finding that was used to determine Kendle's statutory penalty at sentencing was the jury's finding of 5 grams or more of crack cocaine. While the district court found at sentencing that the offense involved 78.37 grams of crack cocaine for purposes of calculating Kendle's offense level under the guidelines, that finding could not have been used to determine Kendle's statutory penalty because he was sentenced after *Apprendi* and thus is not relevant to the "covered offense" determination here. *Jones*, 962 F.3d at 1301-02. The jury's drug quantity finding of 5 grams or more that triggered Kendle's statutory penalties at sentencing would now trigger the statutory penalties for crack cocaine offenses of less than 28 grams after the Fair Sentencing Act, which results in a statutory sentencing range of 0 to 30 years after applying the § 851 enhancement for Kendle having a prior conviction for a felony drug offense. *See* Fair Sentencing Act § 2(a)(2). Because Kendle was sentenced to 30 years' imprisonment, he was eligible for a sentence reduction because he did not receive the lowest statutory penalty that would be available to him under the Fair Sentencing Act, *i.e.*, 0 years' imprisonment. *Jones*, 962 F.3d at 1303.

The district court found Kendle ineligible for a sentence reduction, in part, because it found the covered offense determination should be made using its drug quantity finding of 78.37 grams of crack cocaine at sentencing, which was incorrect under *Jones*. The district court also found Kendle ineligible for a sentence re-

duction because he was a career offender and his guideline range was unchanged after the Fair Sentencing Act, which *Jones* clarified were not relevant factors in determining whether a movant was eligible for a sentence reduction. *Id.* at 1305. Specifically, this Court in *Jones* vacated and remanded the denial of relief where the defendant's "commuted sentence [was] at the bottom of the guideline range, which may have caused the district court to conclude that [he] was ineligible for a further reduction to his sentence." 962 F.3d at 1305. Finally, the district court's order denying Kendle's motion for reconsideration reiterated its previous findings and made clear the court did not believe the First Step Act gave it discretion to reduce his sentence, which was error. *See id.*

Thus, in light of *Jones*, Kendle was eligible to receive a sentence reduction under the First Step Act, and the parties' position is "clearly right as a matter of law." *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969) (stating summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case"). Accordingly, we GRANT the parties' joint motions for summary reversal and to substitute the joint motion for Kendle's initial brief and REMAND to the district court to consider whether to exercise its discretion to reduce Kendle's sentence.[1]

**REVERSED and REMANDED.**

---

[1] We DENY as moot the parties' motion to stay the briefing schedule.